■ CHARLES B. BENEDICT, Appellant, v. TRUSTEES OF THE FREEHOLDERS AND COMMONALTY OF THE TOWN OF EAST HAMPTON et al., Respondents. (Action No. 1.) JOHN M. NAGEL et al., Appellants, v. TRUSTEES OF THE FREEHOLDERS AND COMMONALTY OF THE TOWN OF EAST HAMPTON et al., Respondents. (Action No. 2.)— These two actions, brought inter alia to enjoin defendants from entering on the property of plaintiffs in Action No. 2 (the Nagels) for the purpose of removing any part of the groin (jetty) erected on land which plaintiffs claim is the Nagels' property and (in the Nagels' action) requiring defendants to permit the Nagels to complete construction of the groin and to permit them to maintain the same upon their property, were tried together and resulted in a separate judgment of the Supreme Court, Suffolk County, in each case, entered September 9, 1971, which dismissed the respective complaint on the merits. Plaintiff in Action No. 1 (Benedict) appeals from the judgment against him, the Nagels appeal from the judgment against them and all the plaintiffs appeal from so much of an order of the same court, dated October 13, 1971, as denied the branches of their post-trial joint application which were (1) to adjudge defendants guilty of contempt of court and (2) to enjoin defendants from further dismantling the groin. Judgments modified, on the law and the facts, by inserting, immediately before the present sole decretal paragraph of each judgment, the following decretal provisions: "1. Adjudged that the parties are bound by the agreement of June 17, 1970; and it is further 2. Adjudged that plaintiff(s) is (are) entitled to maintain

the landward 55 feet of the Nagel groin, as per the June 17, 1970 agreement; and it is further 3. Adjudged that to the extent, if any, that defendants have removed the landward 55 feet of the Nagel groin, plaintiff(s) is (are) entitled to restore and maintain same and is (are) awarded the reasonable cost of reconstruction of said 55 feet in an amount to be fixed by Special Term; and it is further 4. Adjudged that defendants shall return to plaintiff John M. Nagel the $3,000 deposit made by him; and it is further"; and by numbering the present sole decretal paragraph as "5" and inserting therein the word "otherwise" between the words "complaint" and "be". As so modified, judgments affirmed. Order of October 13, 1971 affirmed insofar as appealed from. A single bill of costs is awarded to plaintiffs jointly, to cover all the appeals. We are in accord with the opinion rendered by Special Term after the trial. However, it appears from the record that between the time of that decision, July 22, 1971, and the entry of the judgments thereon, respondents removed all or part of the groin. Although we do not doubt that respondents acted in good faith and were not in contempt, they are bound by the June 17, 1970 agreement and plaintiffs are entitled thereunder to maintain the landward 55 feet of the groin. The evidence on the scope of the post-trial decision groin removal activity is conflicting with respect to the length of the groin that was removed. On the contempt application, plaintiffs' attorney alleged that all of the groin had been removed. Special Term stated that the defendant town "apparently completely removed the groin in question." The town attorney averred that the only structures to be removed were those which Nagel promised in writing to remove. Under these circumstances, plaintiffs should be permitted to restore the groin to the extent allowed under the June 17, 1970 agreement. Munder, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.